# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Dian A. W., | )<br>) No. 18 C 4532<br>)<br>) Magistrate Judge M. David Weisman<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
|     Plaintiff, | |
| v. | |
| NANCY A. BERRYHILL,<br>Deputy Commissioner for Operations,<br>performing the duties and functions not<br>reserved to the Commissioner of<br>Social Security, | |
|     Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dian A. W. appeals the Social Security Administration Commissioner's decision denying her application for benefits. For the reasons set forth below, the Court denies the Commissioner's motion for summary judgment [25], reverses the Commissioner's decision and remands this case for further proceedings.

### Background

Plaintiff applied for benefits on October 7, 2014, alleging a disability onset date of May 22, 2014. (R. 198.) Her application was denied initially on May 22, 2015, and upon reconsideration on September 29, 2015. (R. 99–102; 105–09.) Plaintiff requested a hearing, which was held by an Administrative Law Judge ("ALJ") on March 20, 2017. (R. 10.) On June 20, 2017, the ALJ issued an unfavorable decision finding Plaintiff not disabled. (R. 10–21.) The Appeals Council declined to review the decision on May 2, 2018 (R. 1–3), leaving the ALJ's decision as the final decision of the Commissioner. *See Villano v. Astrue*, 556 F.3d 558, 561–62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While generous, this standard "is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the Commissioner must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the claimant's impairment meets or equals any listed impairment; (4) if not, whether the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether he is unable to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden is met, the burden shifts at step five to the Commissioner to provide evidence that the claimant is capable of performing work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date of May 22, 2014. (R. 12.) At step two, the ALJ found that Plaintiff has the following severe impairments: "right carpal tunnel syndrome with chondromalacia, left frozen shoulder (adhesive capsulitis), right frozen shoulder s/p procedures, degenerative disc disease with right foraminal stenosis and moderate to severe left foraminal stenosis, migraines, asthma, rheumatoid arthritis, osteoarthritis of the spine, fibromyalgia, and cervicalgia." (*Id.*) At step three, the ALJ found that Plaintiff does not have "an impairment or combination of impairments that meets or medically equals the severity" of one of the listed impairments. (R. 13.) This finding led the ALJ to conclude at step four that Plaintiff has the residual functional capacity to "perform light work" with certain exceptions. (R. 15–20.) At step five, the ALJ determined that Plaintiff is "capable of performing past relevant work as a personal shopper and retail sales clerk." (R. 20.) Accordingly, the ALJ concluded that Plaintiff is not disabled under the Social Security Act. (*Id.*)

## A.     Residual Functional Capacity Assessment

Plaintiff contends that the ALJ failed to adequately support her RFC assessment. While an ALJ need not rely on a certain physician's opinion to assess RFC, there must be some evidence supporting the ALJ's findings. SSR 96-8p. Here, the ALJ committed several errors with respect to the RFC assessment that warrant remand. First, the ALJ failed to consider the full range of functional restrictions that stem from Plaintiff's migraines which typically last 5-7 days but have lasted up to 25 days. (R. 49–50.) While experiencing a migraine, Plaintiff is unable to leave her house for more than a "short time" so that she can be near a bathroom and "blackout room." (R. 50.) She is frequently sent home from work during these episodes. (*Id.*) In discounting the effects of Plaintiff's migraines, the ALJ noted that "there is not a lot of evidence indicating that the

3

claimant has sought urgent care or emergency room treatment for her headaches." (R. 18.) The record shows, however, that Plaintiff treated with neurologist Dr. Robbins through 2017 (R. 1623–35) and regularly reported migraines to her providers. (*See, e.g.*, R. 1058 (June 10, 2014), R. 2084 (February 22, 2016), R. 1866 (July 5, 2016), and R. 1892 (October 6, 2016).) And, as the ALJ acknowledged, Plaintiff took Norco and Fioricet, a medication targeted specifically to headaches.[1] (R. 18.) The ALJ failed to adequately explain why lack of urgent care/emergency room treatment for migraines diminishes the severity of Plaintiff's migraines in light of her documented medical history. *See, e.g.*, *Miller v. Colvin*, No. 15-cv-1415, 2016 WL 4771086, at *3 (N.D. Ill. Sept. 12, 2016) ("An ALJ cannot play doctor and speculate about what aggressive treatments a claimant should have but did not obtain."). Moreover, the ALJ impermissibly drew a negative inference regarding Plaintiff's failure to seek aggressive treatment without first questioning Plaintiff about an explanation for her treatment decisions. *See, e.g.*, SSR 86-8 ("presumptions, speculations and suppositions should not be substituted for evidence"); *Shauger v. Astrue*, 675 F.3d 690, 696 (7th Cir. 2012) ("[A]n ALJ must first explore the claimant's reasons for the lack of medical care before drawing a negative inference.").

Next, the ALJ inappropriately inferred that Plaintiff's migraines were not disabling because Plaintiff continued to work in February 2014 when she complained of migraines. (R. 18.) The Court notes that Plaintiff alleges a May 22, 2014 disability onset date and continued to complain of migraines throughout the following years. (R. 1058, 2084, 1866 and 1892.) In any event, a claimant's attempts to work do not mean that she is not disabled. *See, e.g.*, *Goins v. Colvin*, 764 F.3d 677, 679 (7th Cir. 2014) ("[T]he fact that someone works is not a sufficient ground for concluding that she's not disabled."); *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012)

---

[1] Mayo Clinic, https://www.mayoclinic.org/drugs-supplements/butalbital-acetaminophen-caffeine-and-codeine-oral-route/description/drg-20063015 (last visited May 2, 2019).

4

("[E]ven persons who are disabled sometimes cope with their impairments and continue working long after they might have been entitled to benefits."). The ALJ also overlooked how Plaintiff's employer would send her home during her migraine episodes and how the episodes have become worse over time. (R. 49–50.) While the ALJ points to the beneficial effects of Norco and Fioricet in managing Plaintiff's pain, (R. 18), the Seventh Circuit has made clear that "[t]here can be a great distance between a patient who responds to treatment and one who is able to enter the workforce." *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). Accordingly, the ALJ's failure to fully consider the impact of Plaintiff's severe impairment (migraines) and the necessity of additional restrictions (e.g. leaving work early, working away from windows and near a bathroom) requires reversal. *See, e.g.*, *Scott v. Astrue*, 647 F.3d 734, 741 (7th Cir. 2011) (when a plaintiff produces evidence "in the form of her own testimony as well as medical evidence" regarding a limitation, an ALJ has "the responsibility to recognize the need for additional medical evaluations" if the ALJ finds the evidence insufficient); *Mullin v. Colvin*, 2016 WL 2865366, at *3 (N.D. Ill. May 17, 2016) (remanding where ALJ found that the claimant's carpal tunnel syndrome was a severe impairment yet imposed no limits on the claimant's use of his hands, failing to adequately explain "how Plaintiff's hand impairments could 'significantly limit' his work abilities in her step two findings and, at the same time, have no impact on his capacity for work in her RFC finding").

The ALJ also failed to submit critical medical evidence to the State Agency medical consultant, Dr. James Hinchen, who opined that Plaintiff could perform light exertional work with certain limitations. (R. 19.) Although the ALJ accorded "some weight" to this opinion, Dr. Hinchen conducted his final review of Plaintiff's medical history in September of 2015. (R. 19, 89–92.) As the ALJ adjudicated Plaintiff's claim for disability benefits through June 20, 2017 (R. 21), the RFC analysis lacked nearly two years of a physician's objective medical findings. An

5

ALJ may not rely on a state agency medical consultant's opinion if the physician did not review all pertinent medical evidence. *See, e.g.*, *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014) ("Fatally, the administrative law judge failed to submit that MRI to medical scrutiny, as she should have done since it was new and potentially decisive medical evidence."); *Campbell v. Astrue*, 627 F.3d 299, 309 (7th Cir. 2010) (calling into question a state agency medical consultant's opinion that only reviewed part of Plaintiff's treatment records). Moreover, an ALJ may not predict how a state agency medical consultant may have evaluated certain evidence. *See, e.g.*, *Harlin v. Astrue*, 424 Fed. App'x 564, 568 (7th Cir. 2011) ("To the extent that the ALJ projected how [doctor] would have testified had she seen the additional documents, the ALJ improperly assumed the role of doctor.") Here, Plaintiff had an extensive medical history after Dr. Hinchen's review, including, *inter alia*: a CT scan of the cervical spine in November 2015 (R. 1658); a right shoulder steroid injection in November 2015 (R. 1658); an MRI in December 2015 (R. 1896); report of significant tenderness throughout upper right extremity, shoulder girdle, and lower forearm to a physical therapist in February 2016 (R. 2064); documentation of severe right shoulder pain in February 2016 (R. 1724); dry needling for left shoulder pain in April 2016 (R. 1711); treatment for left should pain in July 2016 (R. 1747, 1750); a left shoulder arthroscopy in October 2016 (R. 1886); and positive fibromyalgia tender points in January 2017 (R. 1909). The ALJ – without expert guidance – improperly reviewed these objective medical findings which may have impacted the assessment of the type of work Plaintiff could perform. *See, e.g.*, *Lambert v. Berryhill*, 896 F.3d 768, 774 (7th Cir. 2018) ("ALJs must rely on expert opinions instead of determining the significance of particular medical findings themselves.").

All of these errors warrant remand.

**B.     Subjective Symptom Analysis**

Plaintiff also challenges the ALJ's subjective symptom analysis. The Court declines to discuss this issue at length given the need for remand that already exists.

## Conclusion

For the reasons set forth above, the Court remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                    ENTERED:   May 3, 2019


_____
**M. David Weisman**
**United States Magistrate Judge**